NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0345n.06
Filed: May 3, 2005

No. 04-1569

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RICHARD DAMA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| TARGET CORPORATION, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | OPINION |

**Before: SUHRHEINRICH and GILMAN, Circuit Judges; and ACKERMAN, District Judge.**[*]

**RONALD LEE GILMAN, Circuit Judge.** Richard Dama, who was 45 years of age in August of 2002, was terminated that month from his job as a mid-level supervisor at Target Corporation's distribution center in Galesburg, Michigan. He subsequently brought this suit against Target, claiming that it had discriminated against him on the basis of his age when he was discharged. Dama also alleged that he was terminated in retaliation for filing complaints with the Equal Opportunity Employment Commission and other state and federal agencies. The district court granted Target's motion for summary judgment on both of Dama's claims.

Dama's principal argument on appeal is that the district court failed to fully analyze his claim of retaliation and erred by granting Target's motion for summary judgment on this issue.

---

[*]The Honorable Harold A. Ackerman, United States District Judge for the District of New Jersey, sitting by designation.

"[R]etaliation claims are governed by the *McDonnell Douglas* burden-shifting framework." *Weigel v. Baptist Hosp.*, 302 F.3d 367, 381 (6th Cir. 2002) (citing *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973)).  A plaintiff establishing a prima facie case of retaliation must show that "(1) that the plaintiff engaged in a protected activity; (2) that the defendant had knowledge of the plaintiff's protected conduct; (3) that the defendant took an adverse employment action towards the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action." *Id.*

After carefully considering the record on appeal, the briefs of the parties, and the applicable law, and having had the benefit of oral argument, we are doubtful that Dama demonstrated all of the elements necessary to establish a prima facie case of retaliation.  And even if we assume for the sake of argument that Dama did establish a prima facie case, his retaliation claim still fails under the *McDonnell Douglas* framework.  Target provided several legitimate business reasons for his termination, and Dama failed to proffer any evidence that these reasons were simply a pretext designed to mask either retaliation or age discrimination.

Because the reasoning that supports the judgment for Target has been clearly articulated by the district court in a thorough and comprehensive opinion, and because Dama's argument that the district court did not consider his retaliation claim is unpersuasive, the issuance of a detailed written opinion by us would be unduly duplicative.  The judgment rendered by the Honorable Robert Holmes Bell, Chief Judge of the United States District Court for the Western District of Michigan, is accordingly affirmed on the basis of the reasoning detailed in his Opinion dated April 7, 2004.